IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENTOX MEDICAL SERVICES, | ) | |
| | ) | CASE NO.: 1:21-CV-01516 |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| v. | ) | MAGISTRATE THOMAS M. PARKER |
| | ) | |
| SHADI ABDELWAHAB, | ) | |
| | ) | **DEFENDANT SHADI** |
| Defendant. | ) | **ABDELWAHAB'S SUPPLEMENTAL** |
| | ) | **BRIEF IN SUPPORT OF MOTION TO** |
| | ) | **DISMISS** |

Pursuant to the Court's Order dated October 20, 2021, Defendant Shadi Abdelwahab hereby supplements his Motion to Dismiss [ECF Doc. 7] filed when the matter was pending before the United States District Court for the Northern District of Utah, Northern Division.

**I.    INTRODUCTION**

This lawsuit arises from the complaint (ECF Doc. 2) ("Complaint") filed by Plaintiff, Gentox Medical Services ("Gentox") against Defendant Shadi Abdelwahab dba Starlion Distribution, LLC ("Abdelwahab").

Gentox alleges that on or around October 15, 2020, Abdelwahab and Gentox "entered into a contract wherein Defendants would provide 32,670 boxes of nitrile gloves (the "Gloves") and Plaintiff would pay to Defendants the amount of $282,595.50 (the "Purchase Contract")." (ECF Doc. 2, Complaint at ¶ 9). Gentox claims that it "fully performed under the Purchase Contract and paid to Defendants the full contract amount of $282,595.50"). (ECF Doc. 2, Complaint at ¶ 12).  Gentox then alleges that "Defendants acknowledged and confirmed that the Gloves would be delivered on or about December 5, 2020." (ECF Doc. 2, Complaint at ¶ 16). Gentox further alleges that Defendants refunded the $282,595.50 to Gentox on December 7,

2020, and that Defendants notified Gentox of the termination of the "Purchase Agreement" via counsel on December 11, 2020. (ECF Doc. 2, Complaint at ¶¶ 17-18). Finally, Gentox contends that "Defendants breached the Purchase Contract by, among other things, selling the Gloves to another party and refusing to provide the Gloves to Plaintiff." (ECF Doc. 2, Complaint at ¶ 38).

Based upon the above set of allegations, Gentox raises causes of action against Abdelwahab for breach of contract (Count I), fraud (Count II), and conspiracy (Count III). Gentox's claims for fraud and conspiracy should be dismissed at the pleading stage pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure because they fail to state a claim upon which relief can be granted.

First , Count II (Fraud) should be dismissed because: (1) the fraud claim and contract claim are factually intertwined and the fraud claim alleges no breach of duty independent of that created by the contract between the parties; and (2) the economic-loss rule bars the fraud claim.

Second, Count III (Conspiracy) should be dismissed because: (1) Gentox fails to identify a co-conspirator; and (2) Gentox fails to allege an underlying tort claim against Abdelwahab as required by Ohio law.

Under these circumstances, the Court should dismiss Count II and Count III of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. LAW AND ARGUMENTS

### A. Counts II and III of the Complaint should be dismissed under Rule 12(b)(6) standard.

Rule 12(b) (6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on

whether the plaintiff will ultimately prevail. *Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 184, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005) (citing *Scheuer v. Rhodes,* 4l6 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). If there is an absence of law to support the type of claim made, or if the facts alleged are insufficient to state a valid claim, or if on the face of the complaint there is an insurmountable bar to relief, dismissal of the action is proper. *Little v. UNUMProvident Corp.,* 196 F.Supp.2d 659, 662 (S.D.Ohio 2002) (citing *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697 (6th Cir.1978)).

It is true that when considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer,* 416 U.S. at 236; *Arrow v. Federal Reserve Bank of St. Louis,* 358 F.3d 392, 393 (6th Cir.2004); *Mayer,* 988 F.2d at 638. The court will indulge all reasonable inferences that might be drawn from the pleading. *See Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 228 (6th Cir.1997). However, the court should not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir.2000).

Applying this standard to the case at hand, the Court should dismiss Count II and Count III of Gentox's Complaint.

> **B.** **Gentox's fraud claim (Count II) fails as a matter of law because it is factually intertwined with the contract claim and does not allege the breach of any duty independent of that created by the contract between the parties.**

In Ohio, "[a] breach of contract does not create a tort claim." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115 Ohio App.3d 137, 151, 684 N.E.2d 1261 (Ohio Ct.App.1996). "A

tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Thornton v. Cangialosi,* No. 2:09-cv-585, 2010 WL 2162905, at *2 (S.D.Ohio 2010). "If the tort claim is factually intertwined with the breach of contract claim, such that the two cannot be separated, recovery cannot be had for both." *Id.* at*2.

Moreover, as the Supreme Court of Ohio noted*,* a claim of fraudulent inducement typically involves "a misrepresentation of facts *outside the contract* or other wrongful conduct [inducing] a party to enter into the contract. Examples include a party to a release misrepresenting the economic value of the released claim, or one party employing coercion or duress to cause the other party to sign an agreement." *Thornton*, 2010 WL 2162905, at *3, citing *ABM Farms, Inc. v. Woods,* 81 Ohio St.3d 498, 503, 692 N.E.2d 574 (Ohio 1998) (emphasis added). In other words, the claim involves some *collateral* misrepresentation designed to induce the plaintiff to enter into the contract. *Thornton*, 2010 WL 2162905, at *3, citing *Wall v. Planet Ford, Inc.,* 159 Ohio App.3d 840, 850–51, 825 N.E.2d 686 (Ohio Ct.App.2005) (giving an example of a termite inspector falsely representing that a house is infested with termites in order to induce the homeowner to enter into a pest control contract).

In this case, Count I of the Complaint alleges that Abdelwahab breached the contract between the parties "by, among other things, selling the Gloves to another party and refusing to provide the Gloves to Plaintiff." (ECF Doc. 2, Complaint at ¶ 38). Those are the same allegations that form the basis of Gentox's fraud claim. In its fraud count (Count II), Gentox alleges that Abdelwahab made two material representations: (i) that he "would sell and deliver the Gloves to Plaintiff at the price and in the quantities represented in the Invoice;" and (ii) that the Gloves

would be delivered to Plaintiff on December 5, 2020." (ECF Doc. 2, Complaint at ¶ 41). Thus, Gentox's fraud claim is a mere recapitulation of its breach of contract claim and therefore should be dismissed. *See Stancik v. Deutsche Natl. Bank*, 8th Dist. No. 102019, 2015-Ohio-2517, 2015 WL 3899224, ¶ 40 ("Where the causes of action in tort and contract are 'factually intertwined,' a plaintiff must show that the tort claims derive from the breach of duties that are independent of the contract and that would exist notwithstanding the contract.").

Gentox's Complaint contains no allegation that Abdelwahab breached any duty owed to Gentox independent of contractually created obligations. Gentox has not alleged that Abdelwahab made any *collateral* misrepresentation designed to induce Gentox to enter into the contract. In fact, there is no dispute that the representations attributed to Abdelwahab in the Complaint are <u>not</u> "collateral statement[s] designed to induce contract formation, but rather, the promise upon which the purported breach of contract is premised." *See Telxon Corporation v. Smart Media of Delaware, Inc.,* 9th Dist. Nos. 22098, 22099, 2005–Ohio–4931, at ¶ 33 n. 10. As such, the allegations in the Complaint, including the allegation that Abdelwahab had no intention of providing the gloves as promised, are not enough to save the fraudulent inducement claim. *See Thornton v. Cangialosi,* No. 2:09-cv-585, 2010 WL 2162905, at *4 (S.D.Ohio 2010) (citing *Telxon Corporation,* 2005–Ohio–4931, at ¶ 33 n. 10) ("Under these circumstances, Plaintiffs' allegation that Cangialosi had no intention of keeping the promises at the time he made them is not enough to save the fraudulent inducement claim.").

Because the breach of contract claim and the fraud claim are factually intertwined and Gentox alleges no breach of a duty owed by Abdelwahab separately from that created by the contract between the parties, the fraud claim fails as a matter of law.

  C. **The economic-loss rule bars Gentox's fraud claim.**

Under the economic-loss rule, plaintiffs are barred from recovering in tort for purely economic damages. *Corporex Dev. & Constr. Mgmt, Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 414, 835 N.E.2d 701 (2005). "This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests and contract law, which holds that 'parties to a commercial transaction should remain free to govern their own affairs.'" *Id.* at 414, 835 N.E.2d 701 (quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40, 42, 537 N.E.2d 624 (1989)). Accordingly, courts recognize that these types of economic losses are more suitably addressed by contract law. *Corporex,* 106 Ohio St.3d at 414. Thus, parties should only be held to account for those damages that were contemplated at the time of the agreement. *Id.* at 415 ("Protection against economic losses caused by another's failure properly to perform is but one provision the contractor may require in striking his bargain.").

In this case, the economic-loss rule bars Gentox's fraud in inducement claim because, as demonstrated above, Gentox has failed to identify any tort duty owed by Abdelwahab independent of the contract between the parties. *See Ineos USA L.L.C. v. Furmanite America, Inc.,* No. 1–14–06, 2014 WL 5803042, at *5 (Ohio Ct.App. Nov.10, 2014)(noting that "the economic loss rule will bar the tort claim if the duty only arose by contract. * * * Thus, where a contract between parties exists, a tort claim must be analyzed to determine whether it is merely a recapitulation of the breach-of-contract claim or whether it alleges a breach of an independent duty."); *Pavlovich v. National City Bank*, 435 F.3d 560, 569-570 (6th Cir. 2006) (holding that the economic-loss rules bars Ms. Pavlovich's claim because "Ms. Pavlovich has not

identified any tort duty owed by the Bank independent of contractually created obligations."). Accordingly, Gentox's fraud claim should be dismissed by operation of the economic-loss rule.

### D. Gentox's conspiracy claim fails for failure to state a claim upon which relief can be granted.

In Count III of the Complaint, Gentox alleges a conspiracy claim. This claim fails as a matter of law. In Ohio, the tort of civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Gator Dev. Corp. v. VHH, Ltd.*, 1st Dist. No. C-080193, 2009-Ohio-1802, 2009 WL 1027584, ¶ 30. "The acts of coconspirators are attributable to each other as a result of the agreement." *Id.* "A civil conspiracy claim requires an underlying tortious act that causes an injury. Thus, if there is no underlying tortious act, there is no actionable civil conspiracy claim." *Id.* at ¶ 31. Furthermore, the general rule in civil-conspiracy cases is that "a corporation cannot conspire with its own agents or employees ... [because the corporation and its employees] are members of the same collective entity, [and so] there are not two separate people to form a conspiracy." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 509–10 (6th Cir.1991).

In this case, Gentox has failed to identify a co-conspirator, which is fatal to Gentox's civil conspiracy claim. Gentox's usage of "Defendants" in the Complaint is misleading and inconsistent with Gentox's allegation that Starlion Distribution, LLC is a fictitious name, not a separate entity. Gentox's argument that discovery would reveal a John Doe or Jane Doe as a co-conspirator is without merit because Gentox has failed to list John Doe or Jane Doe as a defendant in this case.

Furthermore, Gentox alleges that Starlion Distribution, LLC is wholly owned and operated by Abdelwahab. Even if true, this allegation cannot support a claim for civil conspiracy

under Ohio law because "a corporation cannot conspire with its own agents or employees." *Hull*, 926 F.2d at 509–10 (6th Cir.1991).

Independently, the claim for civil conspiracy fails as a matter of law because Gentox fails to state a claim for fraud against Abdelwahab as demonstrated above. *Gator Dev. Corp.*, 2009-Ohio-1802, ¶ 31.

### III. CONCLUSION

Based on the foregoing arguments, the Court should dismiss Count II and Count III of the Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/* Komlavi Atsou
Komlavi Atsou (0084235)
Fisher & Phillips, LLP
200 Public Square, # 4000
Cleveland, Ohio 44114
Telephone: (440) 838-8800
Facsimile: (440) 838-8805
Email:  katsou@fisherphillips.com

*Attorney for Defendant Shadi Abdelwahab*

<u>CERTIFICATE OF SERVICE</u>

This will certify that the foregoing Defendant Shadi Abdelwahab's Supplemental Brief in Support of Motion to Dismiss was filed electronically on October 29, 2021. Parties may access this filing through the Court's system.

                                                            /s/ Komlavi Atsou
                                                            Komlavi Atsou (0084235)