IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENTOX MEDICAL SERVICES, | ) | Case No. 1:21-cv-1516 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | THOMAS M. PARKER |
| | ) | |
| SHADI ABDELWAHAB, *an individual* | ) | |
| *d.b.a.* STARLION DISTRIBUTION | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER**[1] |
| Defendant. | ) | |

This matter concerns a contract dispute originally brought by plaintiff, Gentox Medical Services, LLC, ("Gentox"), against defendant, Shadi Abdelwahab, in the District of Utah. Following a stipulation by the parties, the case was transferred to the Northern District of Ohio. Still pending, however, is Abdelwahab's pre-transfer motion to dismiss (ECF Doc. 7), in which he sought dismissal of the complaint for lack of personal jurisdiction and partial dismissal for failure to state a claim. After receiving supplemental briefing from the parties, the matter is now ripe for review. For the reasons that follow, Abdelwahab's motion must be GRANTED IN PART and DENIED IN PART.

**I.      Procedural History**

On March 1, 2021, Gentox filed this action against Abdelwahab in the District of Utah, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). ECF Doc. 2. As alleged in the

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. ECF Doc. 34.

complaint, Gentox is a Utah-based distributor of medical supplies. ECF Doc. 2 at 5. On October 15, 2020, Gentox entered into a purchase agreement with Abdelwahab and his wholly owned, unregistered business, Starlion Distribution, LLC ("Starlion"), for the provision of nitrile gloves which Gentox intended to sell to third parties. ECF Doc. 2 at 2-5. Under the terms of their agreement, Abdelwahab would provide 32,670 boxes of gloves in exchange for $282,585.50, that Gentox paid upfront. ECF Doc. 2 at 4. Abdelwahab later told Gentox the gloves had been purchased and shipped and would be delivered around December 5, 2020. ECF Doc. 2 at 5. However, on December 7, 2020, Abdelwahab informed Gentox the agreement was terminated and void and, on December 11, 2020, refunded the purchase amount. ECF Doc. 2 at 5-6. Gentox contends that Abdelwahab never intended to perform on the agreement, but instead used Gentox to finance the purchase of gloves that Abdelwahab sold to another buyer for a greater price. ECF Doc. 2 at 6-8. Accordingly, Gentox asserted three claims against Abdelwahab: (1) breach of contract; (2) fraud; and (3) conspiracy to commit fraud and convert Gentox's funds. ECF Doc. 2 at 9-14.

On June 1, 2021, Abdelwahab moved to dismiss the complaint, arguing that Utah lacked personal jurisdiction over him and, alternatively, that Gentox failed to state a claim of fraud and civil conspiracy.[2] ECF Doc. 7.

On July 19, 2021, Gentox filed a memorandum in opposition to Abdelwahab's motion to dismiss, disputing Abdelwahab's grounds for dismissal. ECF Doc. 21. On August 2, 2021, the parties filed a stipulation to transfer venue, in which they agreed to transfer the case to the Northern District of Ohio pursuant to "28 U.S.C. § 1404(b)." ECF Doc. 23. On August 3, 2021,

---

[2] The parties' arguments in support and against dismissal are more fully discussed, issue-by-issue below.

the Utah district court granted the stipulation to transfer venue, without ruling on Gentox's motion to dismiss. ECF Doc. 24.

On September 20, 2021, this court scheduled a case management conference. ECF Doc. 35. In anticipation of the case management conference, we ordered the parties to file position statements on three issues: (1) whether Abdelwahab stipulated that this court has personal jurisdiction over him; (2) whether the transfer pursuant to 28 U.S.C. § 1404 moots any argument by Abdelwahab that he has a personal jurisdiction issue that is still viable; and (3) which state's substantive law the parties contend applies to this case and the basis for their position on the choice-of-law issue. Docket Entry dated 10/8/2021. Abdelwahab filed his position statement first, stipulating to personal jurisdiction and that the transfer mooted any personal jurisdiction issues. ECF Doc. 37. He also contends that Ohio law applies because it has more substantial contacts with the case. ECF Doc. 37 at 2. Gentox then filed its position statement, agreeing with Abdelwahab that this court's personal jurisdiction is not at issue and that Ohio law applies. ECF Doc. 38.

On October 20, 2021, we held a case management conference, at which the parties agreed to supplement their motion or opposition in light of their position that Ohio law applies to the case. ECF Doc. 39; Docket Entry dated 10/20/21. On October 29, 2021, both parties filed supplemental briefs. ECF Doc. 40; ECF Doc. 41.

**II.     Law and Analysis**

    **A.     Personal Jurisdiction**

The first basis upon which Abdelwahab moved for dismissal was for lack of personal jurisdiction. ECF Doc. 7 at 4-7. Given Abdelwahab's post-transfer stipulation that this court has personal jurisdiction over him, that portion of his motion to dismiss is DENIED AS MOOT.

ECF Doc. 37 at 2; *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (stating that a defendant typically waives personal jurisdiction if his filings give the plaintiff a reasonable expectation that he will defend the suit on the merits); *see also Berg v. C. Norris Mfg., LLC*, No. 5:20-cv-0100, 2020 U.S. Dist. LEXIS 31244, at *5 (N.D. Ohio Feb. 24, 2020) (finding pre-transfer challenges to personal jurisdiction moot in light of defendants' admission that jurisdiction was proper in this court).

    B.    **Failure to State a Claim**

        1.    **12(b)(6) Standard**

Before filing a responsive pleading, a party may move to dismiss any claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. 2019). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

        2.    **Choice of Law**

Before addressing the merits of Abdelwahab's challenge to Gentox's fraud and conspiracy claims, we must clarify which state's law governs Gentox's complaint. Generally, a federal court exercising diversity jurisdiction applies the substantive law of the state in which it

is located. *EQT Prod. Co. v. Phillips*, 767 F. App'x 626, 630 (6th Cir. 2019). But when a case has been transferred, the court to which the case has been transferred must decide two things: (1) which state's choice of law rules apply; and (2) applying the choice of law rules resulting from that analysis, which state's substantive law applies. *Bucker v. United States*, No. 4:13-cv-02469, 2015 U.S. Dist. LEXIS 111068, at *23 (N.D. Ohio July 1, 2015).

 Here, however, both parties agree that Ohio law applies and have supplemented the motion to dismiss and opposition memorandum to argue their respective positions under Ohio law. ECF Doc. 37 at 1-2; ECF Doc. 38 at 2; ECF Doc. 40 at 1-4; ECF Doc. 41 at 2-8. Thus, the issue of whether Ohio substantive law, as opposed to Utah substantive law, governs is deemed waived. *Morof v. United Mo. Bank*, 391 F. App'x 534, 536 (6th Cir. 2010) (holding that any choice of law issues had been waived because the parties never disputed which state's law applied); *Pivnick v. White*, 552 F.3d 479, 484 (6th Cir. 2009) (same); *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 673 n. 2 (6th Cir. 1999) (stating the Court did not need to inquire into choice of law issues when the parties did not dispute that Ohio law applied); *see also, e.g.*, *Atlas Indus. Contractors., LLC v. In2gro Techs.*, No. 2:19-cv-2705, 2021 DIST LEXIS 56630, at *13 (S.D. Ohio Mar. 25, 2021) (deeming any choice of law issue waived because the default rule is the law of the forum, both sides used Ohio law, and neither side argued for the application of another state's law); *Spillers v. Travelers Prop. Cas. Co. of Am.*, No. 4:15CV-00051, 2016 U.S. Dist. LEXIS 138830, at *5 (W.D. Ky. Oct. 5, 2016) (holding that the choice of law issue was waived in light of the parties' agreement that Missouri law applied).

   3.  **Fraud**

 Abdelwahab argues that Gentox's fraud claim should be dismissed because the fraud claim is based on the same allegations that form the basis of its breach of contract claim, with no

allegation that Abdelwahab breached any duty outside of those owed under the purchase agreement.  ECF Doc. 40 at 3-5.  Alternatively, and for the same reasons, Abdelwahab argues that Gentox's fraud claim is barred under Ohio's economic loss rule.  ECF Doc. 40 at 6-7.

Gentox responds that the economic loss doctrine does not bar its fraud claim because the fraud claim seeks redress for Abdelwahab's fraudulent inducement, whereas the breach of contract claim seeks redress for the breach itself.  ECF Doc. 41 at 1-3.

Under Ohio law, a plaintiff cannot maintain both breach of contract and tort claims based on the same conduct, unless the defendant breached a duty owed separately from those created by the contract.  *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151 (Ohio Ct. App. 1996).  The economic loss rule is a related doctrine that prevents recovery in tort for economic loss, *i.e.*, loss that results from a breach of duties assumed only by a contract between the parties.  *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 106 Ohio St. 3d 412, 414 (Ohio 2005).  A party may, however, maintain both a claim of breach of contract and a claim of fraudulent inducement if the fraud claim involves a misrepresentation of facts outside the contract or wrongful conduct inducing the party to enter into the contract.  *MedChoice Fin., LLC v. ADS Alliance Data Sys.*, 857 F. Supp. 2d 665, 672 (S.D. Ohio 2012); *Res. Title Agency, Inc. v. Morreale Real Estate Servs.*, 314 F. Supp. 2d 763, 774 (N.D. Ohio 2004).  This includes a fraud claim premised on a party's intent *not* to perform at the time of contracting.  *Res. Title Agency, Inc.*, 314 F. Supp. 2d at 774 (citing *Link v. Leadworks Corp.*, 79 Ohio App. 3d 735, 742-44 (Ohio App. Ct. 1992)).

Gentox's breach of contract claim is based on Abdelwahab's alleged failure to provide the gloves contracted for and instead selling them to a third party.  ECF Doc. 2 at 9.  Gentox's fraud claim alleges that Abdelwahab "never intended to provide the Gloves" and instead induced

Gentox to pay for gloves Abdelwahab intended to sell to a third party by falsely representing that he would sell and deliver the gloves pursuant to the terms in the purchase agreement and subsequently assuring Gentox delivery would occur on December 5, 2020. ECF Doc. 2 at 10-11. Although Gentox's breach of contract and fraud claims are related in that they both concern Abdelwahab's failure to perform on the contract, they differ in that the former pertains only to the failure to perform whereas the latter includes affirmative misrepresentations of an intent not to perform at the time the contract is entered into. *Wall v. Firelands Radiology, Inc.*, 106 Ohio App. 3d 313, 326 (Ohio Ct. App. 1995). And although there is some overlap between the relief sought in Gentox's breach of contract and fraud claims, Gentox's fraud claim additionally seeks punitive damages, which would not be available on a claim of breach of contract. *Hanamura-Valashinas v. Transitions by Firenza, LLC*, 2020-Ohio-4888, ¶46 (Ohio Ct. App. 2020).

Because Gentox has pleaded a claim of fraudulent inducement that is separate from its breach of contract claim, Abdelwahab's motion is DENIED as to Gentox's fraud claim.

    **4.**    **Civil Conspiracy**

Abdelwahab argues Gentox's civil conspiracy claim should be dismissed because Gentox's complaint does not identify a co-conspirator, given that Starlion is not a separate legal entity and no John Doe defendants have been alleged in the complaint. ECF Doc. 40 at 7-8. Abdelwahab further argues that Gentox has failed to allege an underlying tort to sustain its conspiracy claim. ECF Doc. 40 at 2.

Gentox responds that it has a good faith basis for believing that other individuals/entities may have been involved in Abdelwahab's plan to defraud Gentox into financing his business, but it has no way of ascertaining their identities without first conducting discovery. ECF Doc. 41 at

4. Accordingly, Gentox requests that the civil conspiracy remain until discovery can be undertaken. *Id.*

Under Ohio law, a civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 475 (Ohio 1998) (quotation marks omitted). Because a civil conspiracy claim is derivative of an underlying tort, it is not actionable without the underlying tort being pleaded as a separate claim. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App. 3d 40, 60 (Ohio Ct. App. 2009).

As pleaded, Gentox's conspiracy claim fails as a matter of law and must be dismissed. Although the court finds that the tort underlying Gentox's conspiracy claim – fraud – can proceed, Gentox's complaint does not identify any third party with whom Abdelwahab purportedly conspired. ECF Doc. 2 at 12-14; *see generally* ECF Doc. 2. Despite not being a separately named defendant, Gentox refers to Starlion and Abdelwahab as "Defendants." ECF Doc. 2 at 1. But Gentox also alleges Gentox is "an unregistered business entity wholly owned and operated by Defendant Abdelwahab." ECF Doc. 2 at 3; *see Bell v. Bell*, No. 96-3655, 1997 U.S. App. LEXIS 34647, at *23-24 (6th Cir. Dec. 3, 1997) (unreported) (discussing the intracorporate conspiracy doctrine in the context of an Ohio civil conspiracy claim, under which a corporation cannot conspire with its own officers); *accord State ex rel. Brown v. Napco*, 44 Ohio App. 2d 140, ¶141 (Ohio Ct. App. 1975). Without another person or entity identified in the complaint, Gentox cannot maintain a civil conspiracy claim under Ohio law. *See Caiazza v. Mercy Med. Ctr.*, 2014-Ohio-2290, ¶81 (Ohio Ct. App. 2014) ("[T]here can be no claim for conspiracy … when only one defendant remains.").

8

Because Gentox's complaint does not identify any co-conspirators to support its civil conspiracy claim, Gentox's complaint has failed to allege a cognizable civil conspiracy claim under Ohio law. Although Gentox requests the claim remain until further discovery takes place, the complaint fails to state a cognizable civil conspiracy claim and must therefore be dismissed. *Bell Atl. Corp.*, 550 U.S. at 570. The court finds that Gentox's request can be better accommodated by dismissing its civil conspiracy claim without prejudice. Should facts come alight in the course of discovery identifying other parties involved Abdelwahab's alleged misconduct, Gentox can seek leave to file an amended complaint under Fed. R. Civ. P. 15(B). Abdelwahab's motion to dismiss must, therefore, be GRANTED IN PART and Gentox's civil conspiracy claim is DISMISSED WITHOUT PREJUDICE.

### III. Conclusion

In light of the foregoing, Abdelwahab's motion to dismiss Gentox's complaint (ECF Doc. 7) is DENIED IN PART and GRANTED IN PART. Gentox's civil conspiracy claim is DISMISED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: December 27, 2021

Thomas M. Parker
United States Magistrate Judge

9