IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GENTOX MEDICAL SERVICES, | Case No. 1:21-cv-1516 |
| Plaintiff, | |
| | MAGISTRATE JUDGE |
| v. | THOMAS M. PARKER |
| SHADI ABDELWAHAB, *an individual* *d.b.a.* STARLION DISTRIBUTION, | **MEMORANDUM OPINION AND ORDER**[1] |
| Defendant. | |

This matter concerns a contract dispute between plaintiff, Gentox Medical Services, LLC ("Gentox"), and defendant, Shadi Abdelwahab, over the purchase of nitrile gloves. Previously, the court addressed Abdelwahab's motion to dismiss two of Gentox's claims. ECF Doc. 42. Now Gentox seeks dismissal of Abdelwahab's counterclaims of breach of contract and anticipatory breach of contract. ECF Doc. 44. For the reasons that follow, Gentox's motion must be DENIED.

**I.  Abdelwahab's Counterclaims**

In support of his counterclaims, Abdelwahab asserts that on October 15, 2020, Gentox entered into a purchase agreement with Abdelwahab for the provision of 534,680 boxes of nitrile gloves. ECF Doc. 43 at 7. Under the terms of the agreement, Gentox agreed to purchase the first 34,680 boxes at a rate of $8.65 per box and the remainder at a rate of $7.65 per box. *Id*.

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. ECF Doc. 34.

Accordingly, Abdelwahab invoiced Gentox $4,121,982 for all 534,680 boxes.  ECF Doc. 43 at 8.  However, Gentox wired Abdelwahab only $282,982.  *Id.*

Abdelwahab further alleges that on December 3, 2020, he notified Gentox that "a number" of the nitrile glove boxes had been shipped and would arrive the following week.  *Id.*  Gentox later indicated, however, that it was only going to purchase 34,680 boxes of nitrile gloves.  *Id.*  Abdelwahab demanded assurances that Gentox would purchase the full amount, but Gentox reiterated it would only purchase 34,680.  *Id.*  Then, on December 11, 2020, Abdelwahab cancelled delivery of the 34,680 boxes of nitrile gloves because of Gentox's decision not to purchase the other 500,000 boxes.  *Id.*  Abdelwahab also refunded to Gentox $282,982.  *Id.*

## II.     Law and Analysis

Before filing a responsive pleading, a party may move to dismiss any claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the nonmovant], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the nonmovant's] favor."  *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. 2019).  But the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the counterclaimant "pleads factual content that allows the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

A. **Breach of Contract**

Gentox argues that Abdelwahab's counterclaim for breach of contract should be dismissed because, under the facts alleged, Abdelwahab failed to perform his obligations under the contract. ECF Doc. 44 at 2-4. Specifically, Gentox argues that: (i) because it paid for and Abdelwahab shipped the initial 34,680 boxes of nitrile gloves, Abdelwahab had no authority under Ohio's Uniform Commercial Code ("UCC") to cancel delivery of the first shipment of boxes; and (ii) therefore, Abdelwahab was himself in breach of the contract, which nullified a claim of breach of contract against Gentox. ECF Doc. 44 at 3-4.

Abdelwahab responds that the purchase agreement was not two separate contracts, but one single contract for 534,680 boxes of nitrile gloves with two different unit prices. ECF Doc. 45 at 3. Abdelwahab argues that, therefore, Gentox's refusal to pay for the full number of boxes agreed upon constituted a partial repudiation of the contract, for which the UCC authorized him to cancel the whole contract. ECF Doc. 45 at 3-6.

In its reply, Gentox agrees that Abdelwahab alleged the breach of one single contract but states that because the contract consisted of two shipments – one paid for and one not – its refusal to pay for the second shipment could not have directly affected the 34,680 boxes of nitrile gloves already paid for, such that Abdelwahab had not authority to cancel the shipment. ECF Doc. 47 at 2-4.

Under Ohio law, a claim for breach of contract requires: (1) a contract; (2) performance by the claimant; (3) nonperformance by the other party; and (4) damages. *Blake Homes, Ltd. v. First Energy Corp.*, 173 Ohio App. 3d 230, 245 (Ohio Ct. App. 2007); *see also Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St. 3d 453, 463 (Ohio 2018).

3

The court finds that Abdelwahab has sufficiently pleaded facts that give rise to a claim of breach of contract. As both parties agree, the counterclaim alleges a single contract for the purchase of 534,680 boxes of nitrile gloves divided into two lots priced at different rates that were to be shipped separately. ECF Doc. 43 at 7-8. Gentox's argument centers on the performance element, *i.e.*: (1) the parties entered into a contract; (2) Gentox partially performed by paying for the first 34,680 boxes of nitrile gloves; (3) Abdelwahab failed to perform by cancelling without lawful authority delivery of those boxes; and (4) because Abdelwahab failed to perform, he has failed to state a breach of contract claim. And in doing so Gentox relies heavily on Ohio Rev. Code § 1302.77, which allows a seller to cancel "any goods directly affected" and any undelivered balance of an installment contract if the buyer repudiates the contract in part or in whole.

The court disagrees, however, with Gentox's argument that the 34,680 boxes of nitrile gloves already paid for and shipped were not "directly affected" by its repudiation of the other 500,000. Gentox's repudiation of the second lot constituted a repudiation of the whole deal for which the parties had contracted – all 534,680 boxes of nitrile gloves. Both lots were, therefore, directly affected by Gentox's breach and gave Abdelwahab the right to cancel performance on the contract as a whole. Ohio Rev. Code § 1302.77(F). This reading of § 1302.77 is consistent with the UCC's Official Comment, which "requires its remedies to be liberally administered." It is also consistent with the anticipatory repudiation statute, which allows a seller to resort to any of the remedies listed in § 1302.77 if the buyer repudiates future performance on the contract in a manner "which will substantially impair the value of the contract" to the seller. Ohio Rev. Code § 1302.68. And Gentox has not cited any caselaw supporting its reading of Ohio's UCC statutes.

B.     **Anticipatory Breach of Contract**

For the same reasons it argues Abdelwahab's counterclaim for breach of contract must be dismissed, so does Gentox argue that his counterclaim for anticipatory breach of contract be dismissed. ECF Doc. 44 at 4. Gentox adds that Abdelwahab's anticipatory breach of contract counterclaim should also be dismissed as duplicative of his breach of contract counterclaim. Id.

In response, Abdelwahab reiterates his arguments for why his breach of contract counterclaim should not be dismissed. ECF Doc. 44 at 6. He argues further that his anticipatory breach of contract counterclaim is not duplicative of his breach of contract counterclaim because it is based on Gentox's express repudiation of the contract, whereas the breach of contract counterclaim was solely upon Gentox's failure to make full payment for the 534,680 boxes. Id.

In its reply, Gentox argues that it is "amazing" for Abdelwahab to argue for the existence of one single contract while also asserting two causes of action for the single breach. ECF Doc. 47 at 4. Gentox argues that there is no material distinction between suing for breach of contract for Gentox's failure to pay for the full number of nitrile glove boxes contracted for and suing for anticipatory breach of contract for Gentox's affirmative statement that it would not pay for the full number of boxes contracted for. ECF Doc. 47 at 5.

The court's analysis above applies equally with respect to Gentox's arguments under the UCC for why Abdelwahab's anticipatory breach of contract counterclaim should be dismissed. Further, the court disagrees with Gentox's contention that Abdelwahab's anticipatory breach of contract counterclaim must be dismissed as duplicative. Federal Rule of Civil Procedure 8(d) allows the pleading of alternative forms of relief. Although Abdelwahab did not expressly allege his counterclaims in the alternative, the Rule "offers sufficient latitude to construct separate allegations in a complaint as alterative theories." *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999).

And Gentox has cited no authority that would preclude Abdelwahab from proceeding on both his breach of contract and anticipatory breach of contract counterclaims as alternative forms of relief.² Moreover, neither side disputes the obvious conclusion that when a party pleads alternate theories for recovery, damages for a loss may be recovered only once. And that will be true here, should Abdelwahab prevail on his counterclaims.

### III. Conclusion

For the reasons stated above, Gentox's motion to dismiss Abdelwahab's counterclaims (ECF Doc. 44) is DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2022

Thomas M. Parker
United States Magistrate Judge

---

² In its reply, Gentox quotes a passage from *State ex rel. Maxwell v. Schneider*, 103 Ohio St. 492 (Ohio 1921). ECF Doc. 47 at 4-5. That case is inapposite as it concerns the effect of a parallel lawsuit based on the same cause of action, not a single lawsuit with alternative theories of recovery based on the same facts.